IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MAURICE GERELL BROUGHTON, #276164, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACT. NO. 2:20-cv-73-ECM ) (WO) |
| DRANARRIS LOVEJOY, *et al.*, | ) ) |
| Defendants. | ) |

_____
_____

| | |
|---|---|
| MAURICE GERELL BROUGHTON, #276164, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACT. NO. 2:20-cv-74-ECM ) (WO) |
| DRANARRIS LOVEJOY, *et al.*, | ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION and ORDER**

On January 27, 2023, the Magistrate Judge entered a Recommendation that, among other things, recommended the Defendants' Special Report be construed as a motion for summary judgment, (doc. 18) and that it be denied as to the Plaintiff's excessive force claim against Defendants Lovejoy, Crittenden, Stanford, and Siler, and granted as to the Plaintiff's other claims. (Doc. 55 at 16). The Plaintiff filed objections to the Recommendation, which include a motion to amend his exhibits to add an affidavit. (Doc. 56).

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See Stokes v. Singletary,* 952 F.2d 1567, 1576 (11th Cir. 1992) ("[w]henever any party files a timely and specific objection to a finding of fact by a magistrate, the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue.") (quoting *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988)). Otherwise, a Report and Recommendation is reviewed for clear error.

## DISCUSSION

The Court has carefully reviewed the record in this case, the Recommendation of the Magistrate Judge, and the Plaintiff's objections. To the extent the Plaintiff makes conclusory assertions that he is entitled to relief against the Defendants but does not point to any legal error committed by the Magistrate Judge, his general objections are reviewed for clear error, and are due to be overruled.

However, the Plaintiff presents one objection to the Magistrate Judge's recommendation that is sufficiently specific to warrant *de novo* review. The Plaintiff objects to the recommendation that summary judgment be granted to Defendant Mahone

on his failure to intervene claim. In his objection, the Plaintiff does not argue that the Court erred as a matter of fact or law based on the record. Instead, the Plaintiff seeks to introduce new evidence through his affidavit that raises new allegations and contradicts the findings of the Magistrate Judge.

On June 4, 2020, the Defendants filed a special report supported by relevant evidentiary materials, including affidavits and medical records. The Court ordered the Plaintiff to file a response to the Defendants' special report by June 24, 2020. (Doc. 20). Moreover, the Court informed the Plaintiff of the appropriate manner in which to respond to the report:

> As indicated herein, at some time in the future the court may treat the defendants' report and the plaintiff's response as a dispositive motion and response.[1] Thus, in filing a response to the defendants' report the plaintiff should not rely only on his or her unsworn pleadings but should respond by filing affidavits, sworn/verified declarations or statements made under penalty of perjury and other evidentiary materials developed through discovery or other appropriate means and which set forth specific facts demonstrating there is a genuine issue of material fact for trial in this case.[2] Failure to file

---

[1] Thus, in preparing a response to the special report filed by the defendants the plaintiff should refer to the requirements of Rule 56, *Federal Rules of Civil Procedure*

[2] An affidavit is a statement in writing sworn to by the affiant under oath or on affirmation before a notary public or other authorized officer. If a notary/authorized officer is not available, the plaintiff may support his response with a statement made under penalty of perjury as allowed by well established federal law. *See* 28 U.S.C. § 1746 ("Whenever ... any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same ..., such matter may, with like

(continued…)

3

>   affidavits or statements/declarations under penalty of perjury or other evidentiary materials may result in this court accepting the defendants' evidence as true. If documents are referred to in the opposing affidavits/statements under penalty of perjury and have not been previously filed with the court, sworn or certified copies of those papers must be attached to the affidavits/sworn statements or served with them.

(*Id*. at 2–3) (footnotes in original) (emphasis in footnote in original).

The Plaintiff filed his response in opposition to the special report on July 8, 2020 and included his own affidavit. (Doc. 23). On April 20, 2021, the Court permitted the Plaintiff to file additional exhibits in opposition to the Defendants' special report. (Doc. 44). The Court subsequently entered a Report and Recommendation recommending that the Defendants' special report be construed as a motion for summary judgment, that the motion be denied as to the excessive force claims against Lovejoy, Crittenden, Stanford, and Siler, that the motion be granted as to the Plaintiff's other claims, and that the requested forms of relief be dismissed. (Doc. 55). Thereafter, the Plaintiff filed an objection, the bases of which are facts contained within an affidavit that was not presented in opposition to the Defendants' special report. Instead, the Plaintiff requests leave to submit this new evidence with his objection to the Report and Recommendation.

---

>   force and effect, be supported, evidenced, established, or proved by the ... declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form ... If executed within the United States, its territories, possessions, or commonwealths: 'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)'."). The affidavit or certified/verified statement ***must be made on personal knowledge***, set forth such facts as would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated in the affidavit.

The filing of additional or new evidence is generally not appropriate in an objection to a recommendation. *See Williams v. McNeil,* 557 F.3d 1287, 1292 (11th Cir. 2009).

> Because the magistrate judge system was created to help alleviate the workload of the district judges, it would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and — having received an unfavorable recommendation — shift gears before the district judge.

*Id*. at 1291–92 (internal quotation marks omitted).

The Plaintiff offers no explanation as to why the testimony presented in the late-filled affidavit was omitted from the affidavit he filed earlier in this litigation. Because the Plaintiff did not present this evidence to the Magistrate Judge, it will not be considered on his objection to the Report and Recommendation. *Id*. (holding that a district court does not abuse its discretion in declining to "consider evidence presented for the first time in a party's objection to the magistrate judge's recommendation") (quoting *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000). The Plaintiff does not point to any factual or legal error by the Magistrate Judge. Thus, the Plaintiff's objection to the dismissal of his failure to intervene claim is due to be overruled.

The Plaintiff's other objections relate to the dismissal of his lost property claim, and the dismissal of many claims for relief. The Plaintiff's objection to the dismissal of his lost property claim (*see* doc. 56 at 4) lacks specificity and fails to state a basis for an objection. The Plaintiff does not point to any error committed by the Magistrate Judge. Due to the lack of specificity, the Court undertook a review of this objection under the clear error standard and finds that the Magistrate Judge properly considered the evidence before him

and explained his reasons for recommending granting the Defendants' motion for summary judgment on this claim. This objection is due to be overruled.

Although characterized as an objection, the Plaintiff seeks to amend the relief requested in his complaint. (Doc. 56 at 4). However, a party may not amend a pleading in submissions in opposition to a motion for summary judgment. *Cf. Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004). To the extent that his request constitutes an objection, it is due to be overruled.

## CONCLUSION

Accordingly, for the reasons as stated and for good cause, it is

ORDERED as follows that:

1. the Plaintiff's objections (doc. 56) are OVERRULED,

2. the Plaintiff's motion to amend (doc. 56) is DENIED,

3. the Recommendation of the Magistrate Judge (doc. 55) is ADOPTED,

4. the special report (doc. 18) is construed as a motion for summary judgment, and the motion for summary judgment (doc. 18) is DENIED as to the Plaintiff's excessive force claims against Defendants Lovejoy, Crittenden, Stanford, and Siler,

5. the motion for summary judgment (doc. 18) is GRANTED as to the Plaintiff's other claims, and

6. the Plaintiff's requested relief that Easterling Correctional Facility be closed until video recording is installed; Defendants Lovejoy, Crittenden, Stanford and Siler be fired; he be permitted to press criminal charges against Defendants Lovejoy, Crittenden, Stanford and Siler; any disciplinary reports or behavioral citations in his institution jacket

be removed; and that he be released from custody or resentenced are DISMISSED. It is further

    ORDERED that this case is REFERRED BACK to the Magistrate Judge for further proceedings consistent with this Memorandum Opinion and Order.

    DONE this 21st day of February, 2023.

        /s/   Emily C. Marks
        EMILY C. MARKS
        CHIEF UNITED STATES DISTRICT JUDGE